STATE OF NORTH CAROLINA v. SOLOMON EUGENE BECTON

No. 7814SC192

(Filed 1 August 1978)

**Criminal Law § 66.17— identification of defendant at police station—independent origin of in-court identification**

> In a prosecution for assault with intent to rape, in-court identifications of defendant by the assault victim and another person were not tainted by the victim's impermissibly suggestive viewing of defendant at the crime scene in the custody of an officer or by the victim's and the third person's impermissibly suggestive viewing of defendant through a two-way mirror at the police station, since the victim and the third person had ample opportunity to observe defendant at the crime scene; both accurately described defendant and his dress; their identifications were certain; and the time lapse between viewing defendant at the crime scene and at the police station was less than two hours.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 25 October 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 21 June 1978.

Defendant was charged with (1) first-degree burglary and (2) assault with intent to rape. He was convicted of (1) felonious breaking or entering and (2) assault on a female. He appeals from judgments imposing consecutive prison terms.

The State's evidence tended to show that on 5 September 1977 Toby Stein occupied a room in the Washington-Duke Motor Inn in Durham. About 3:00 a.m. she was awakened by a knock on her door. She asked several times who was there and each time was told "security." She opened the door. Defendant shoved the door open, entered, grabbed Ms. Stein, and threw her on the floor. He got on top of her and said he was going to rape and kill her. They struggled for five or ten minutes. She screamed. In an adjoining room, Ronald Mullvain heard the screams; he went to Ms. Stein's room, pushed the door open, and saw Ms. Stein on the floor and defendant holding her by the throat. Startled, they stared at each other a few seconds. Defendant ran.

The attack was immediately reported to the police. Officer Reed, patrolling near the motel, received the attack report and proceeded to drive to the motel. He saw defendant, dressed as the assailant was described in the radio report, walking on a

street near the motel. Defendant was breathing hard, as though he had been running. Officer Reed called defendant to the patrol car and told him of the attack report. Defendant said he had been at the Washington-Duke Motor Inn visiting a friend.

Officer Reed took defendant to the motel. Ms. Stein identified defendant as the attacker.

*Attorney General Edmisten by Associate Attorney Jane Rankin Thompson for the State.*

*Herbert L. Richardson for defendant appellant.*

CLARK, Judge.

First, the defendant challenges the admissibility of the eyewitness identification testimony of the prosecuting witness Toby Stein and State's witness Ronald Mullvain. When defendant was returned to the scene shortly after the alleged crime was committed, Toby Stein saw him with Officer Reed and identified him as the perpetrator. Shortly thereafter both Toby Stein and Mullvain went to the police station and saw defendant "by use of a two-way mirror."

When defendant was returned to the scene of the crime by Officer Reed shortly after the crime was committed he was in investigative custody, and judicial criminal proceedings had not been initiated. At this time Due Process protected the accused against the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968).

We concede that the "show-up" confrontation at the scene was somewhat suggestive in that defendant alone was in the custody of Officer Reed when he was shown to and identified by Toby Stein. In *Simmons v. United States, supra,* it was held that Due Process was violated by the in-court identification if the pretrial procedure had been "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 390 U.S. at 384, 88 S.Ct. at 971, 19 L.Ed. 2d at 1253. See *State v. McKeithan*, 293 N.C. 772, 239 S.E. 2d 254 (1977).

We must also concede that the identification procedure later that night at the police station, when Toby Stein and Mullvain observed defendant through a two-way mirror, was suggestive. The record on appeal reveals little about the circumstances surrounding this confrontation. It does not appear whether formal charges had been made, but we assume that at the time defendant was under arrest and in custody and, therefore, adversary criminal proceedings had been initiated. It does not appear that defendant was advised of his right to counsel. Nor does it appear that defendant was placed in a lineup. Apparently he was observed singly in a detention room through a two-way mirror by both Toby Stein and Mullvain.

The in-custody identification conducted at or after the initiation of adversary judicial criminal proceedings when defendant was not warned of his right to have counsel present during the confrontation is in violation of the Sixth Amendment. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178 (1967).

But the admission of the identification testimony of Toby Stein and Mullvain is not *per se* error. The recent decision in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 2d 140 (1977), represents a modification of the ten-year-old doctrine of *United States v. Wade, supra; Gilbert v. California, supra*; and *Stovall v. Denno, supra*, cases. In *Manson*, the court ruled that even an unnecessarily suggestive identification procedure may produce admissible evidence if the court finds from the *totality of the circumstances* that the eyewitness identification possesses certain features of reliability. The totality of the circumstances test was adopted as set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972), which test has the following factors: (1) the witness's opportunity to view the perpetrator of the crime, (2) the witness's degree of attention, (3) the accuracy of his description of the criminal, (4) the level of certainty demonstrated by the witness, and (5) the time that elapses between the crime and the confrontation.

The evidence in *voir dire* reveals that Toby Stein viewed the perpetrator at close quarters for about ten minutes, that she ac-

curately described him and his dress, that her identification was certain, and that the time lapse between the crime and the confrontation at the motel was about fifteen minutes and between the crime and the confrontation at the police station was not more than one or two hours.

The evidence in *voir dire* reveals that Mullvain observed the perpetrator in Toby Stein's motel room at close quarters and again in the parking lot of the motel when the perpetrator fell while running, that he accurately described the accused and his dress when he reported the crime by telephone to the police, that his identification was certain, that the time lapse between the crime and the confrontation at the police station was less than two hours.

After *voir dire* Judge Hobgood made extensive findings of fact and concluded "that the totality of the circumstances revealed no pre-trial procedures so unnecessarily suggestive or conducive to lead to irreparable mistaken identification . . . and the in-court identification of the defendant by Toby Stein and Ronald Mullvain has not been tainted in any illegal out-of-court identification procedures."

The findings and the conclusions of the trial court are supported by competent evidence. We further find that, though the one-on-one confrontations at the motel by Toby Stein and by both Ms. Stein and Mullvain at the police station were suggestive identification procedures, under the totality of circumstances test in *Manson v. Brathwaite, supra*, the eyewitness identifications by both Toby Stein and Mullvain possessed certain features of reliability, and the admission of their identification testimony was not error.

We have carefully examined the remaining assignments of error, most of which are formal, and find them to be without merit. They involve routine legal principles, and a discussion of them would have no value as a precedent.

No error.

Chief Judge BROCK and Judge WEBB concur.